**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**HORACE RHONE,**

    **Plaintiff,**

v.                                                                                  **Case No: 5:16-cv-391-Oc-30PRL**

**SPIRIT OF LIFE RECOVERY CENTER**

    **Defendant.**

**REPORT AND RECOMMENDATION[1]**

This *pro se* Plaintiff has filed a complaint against Defendant Spirit of Life Recovery Center and moved the Court to proceed *in forma pauperis.* (Doc. 2). I previously took under advisement Plaintiff's motion to proceed *in forma pauperis* noting that his Complaint failed to allege any basis for this Court's subject matter jurisdiction and giving him until July 20, 2016 to file an amended complaint. (Doc. 3). Plaintiff has not filed an amended complaint and his time for doing so has passed. Accordingly, I submit that Plaintiff's motion to proceed *in forma pauperis* should be denied and the Complaint should be dismissed.

In his cursory Complaint, Plaintiff alleges that while he was in treatment at the Spirit of Life Recovery Center he was forced to work hard labor when in fact he was totally disabled; Defendant refused to take him to the doctor or hospital after he was injured; Defendant verbally threatened him to work or he would be kicked out of the program; and as a result of Defendant's

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

negligence he was injured.  (Doc. 1 at 5).  Plaintiff seeks monetary damages in the amount of $2,000, punitive damages in the amount of $5,000 for pain and suffering, medical expenses in the amount of $3,000, and "normal" damages of $1.00.

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction.  *See Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277, 1279-80 (11th Cir. 2001).   "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  *Baltin v. Alaron Trading, Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997).  Here, Plaintiff's Complaint fails to allege any basis for this Court's jurisdiction.

With respect to federal question jurisdiction, Plaintiff has not identified any federal statute or constitutional right that Defendant has allegedly violated or that gives this Court subject matter jurisdiction.  Likewise, even if the parties are citizens of different states, Plaintiff seeks to recover only $10,001, which is far shy of the requisite $75,000 for purposes of diversity jurisdiction. Because this Court does not have subject matter jurisdiction, I recommend that Plaintiff's motion to proceed *in forma pauperis* be denied and his Complaint dismissed.

DONE and ENTERED on August 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party